UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARK A. DOENGES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-322 |
| | ) |
| KILOLO KIJAKAZI [1], | ) |
| acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on Amended Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [DE 23] filed by the plaintiff, Mark A. Doenges, on November 12, 2021. For the following reasons, the Motion [DE 23] is **DENIED**.

*Background*

On August 31, 2021, the court remanded the decision of the Commissioner [DE 16] because the ALJ erred by failing to consider the plaintiff's obesity in combination with his knee and ankle impairments as well as his subjective symptoms.

On November 1, 2021, the plaintiff's attorneys filed their initial Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [DE 18]. The Commissioner responded in opposition on November 15, 2021 [DE 21]. On November 24, 2021, due to a scrivener's error, the plaintiff filed the instant amended motion [DE 23], changing the requested hourly rate from $300 per hour to $214 per hour. Also, on November 24, 2021, the

---

[1] Andrew M. Saul was the original Defendant in this case. He was sued in his capacity as a public officer. On July 9, 2021, Kilolo Kijakazi became the acting Commissioner of Social Security. Pursuant to **Federal Rule of Civil Procedure 25(d)**, Kilolo Kijakazi has been automatically substituted as a party.

plaintiff filed his reply [DE 24]. On December 8, 2021, the Commissioner responded in opposition to the instant motion [DE 25].

In his motion, the plaintiff requests an award of attorney's fees to be paid to him in the amount of $12,690.20, calculated at a rate of $214 per hour, for 59.3 hours of work performed by his attorneys in the review stages of this case in the District Court.

The Commissioner opposes this request, arguing that the plaintiff is not entitled to EAJA attorney fees because her decision was substantially justified. Further, the Commissioner claims, even if the court finds that her decision was not substantially justified, the plaintiff's motion still should be denied because the attorneys' requested hourly rate and hours allegedly worked are unreasonable and excessive.

*Discussion*

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner unless the court finds that the position of the Commissioner was substantially justified or that special circumstances make an award unjust. **28 U.S.C. § 2412(d)(1)(A);** *see also* **Commissioner, I.N.S. v. Jean**, 496 U.S. 154, 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); **U.S. v. Pecore**, 664 F.3d 1125, 1131 (7th Cir. 2011).  A fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements:  (1) a showing that the applicant is a prevailing party;  (2) a showing that the applicant is eligible to receive an award; (3) a showing of the amount sought, including an itemized statement from an attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; and (4) an allegation that the position of the Commissioner was not substantially justified.  **28 U.S.C. § 2412(d)(1)(B);** *see also* **Scarborough v. Principi**, 541 U.S. 401, 405, 124

S.Ct. 1856, 158 L.Ed.2d 674 (2004); ***United States v. Hallmark Constr. Co***., 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B))).

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." ***Pierce v. Underwood***, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see also* ***Golembiewski***, 382 F.3d at 724.  Expanding on this definition, the Seventh Circuit has explained that "'substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." ***Stein v. Sullivan***, 966 F.2d 317, 320 (7th Cir. 1992) (citing ***Pierce***, 487 U.S. at 565, 108 S.Ct. at 2550); ***Church v. Astrue***, 496 F.Supp.2d 964, 966 (N.D. Ind. 2007) ("[I]f an agency had 'a rational ground for thinking it had a rational ground for its action," the Commissioner's position is substantially justified.'" (citing ***Kolman v. Shalala***, 39 F.3d 173, 177 (7th Cir. 1994)).  When conducting this analysis, the court should consider whether the ALJ's decision was supported by evidence of record and whether the Commissioner's position was supported by applicable law.  ***Church***, 496 F.Supp.2d at 966 (citing ***Cunningham v. Barnhart***, 440 F.3d 862, 863 (7th Cir. 2006); ***Kolman v. Shalala***, 39 F.3d 173, 177 (7th Cir. 1994)).

In determining whether the Commissioner's position was substantially justified, the court must consider whether the Commissioner's pre- and post-litigation "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." ***Golembiewski***, 382 F.3d at 724 (citing ***Hallmark Constr***., 200 F.3d at 1080).  The substantial justification standard is different than the substantial evidence standard, which is used

3

to evaluate the merits of a claimant's request for remand.  *See* **Pierce,** 487 U.S. at 568-69, 108 S.Ct. at 2552.  Thus, a loss on the merits does not automatically constitute a lack of substantial justification.  *See* **Pierce**, 487 U.S. at 569, 108 S.Ct. at 2252.  The Commissioner bears the burden of proof in showing that the government's litigation position was substantially justified. *See* **Pierce**, 487 U.S. at 565, 108 S.Ct. at 2561; **Golembiewski**, 382 F.3d at 724.

As an initial matter, the Commissioner does not dispute this court's decision in the underlying case and concedes that the plaintiff is a prevailing party.  However, she claims that the plaintiff is not entitled to EAJA attorney fees because her position was substantially justified.

First, the Commissioner claims that the plaintiff failed to establish any additional functional limitations arising from his obesity that were greater than or beyond those already found by the ALJ.  She points to **Castile v. Astrue**, 617 F.3d 923, 927 (7th Cir. 2010) and **Gedatus v. Saul**, 994 F.3d 893, 905 (7th Cir. 2021), where the Seventh Circuit held that it is the disability claimant's burden to establish the existence of functional limitations and that the absence of medical opinions to support those limitations creates a "fundamental problem."  The Commissioner further claims that the ALJ acknowledged her duty to provide consideration for all established impairments and their combined effects on functional impairments, but that the ALJ found that the objective medical opinion evidence did not support a disabling knee pain.

The court agrees with the Commissioner that it was the claimant's burden to prove that he was disabled, but it was the ALJ's obligation, in making RFC findings, to "articulate at some minimal level her analysis of the evidence" and could not "ignore an entire line of evidence that is contrary to [her] findings." **Zurawski v. Halter**, 245 F.3d 881, 887 (7th Cir. 2001); **Suetkamp v. Saul**, 406 F.Supp.3d 715, 719 (N.D. Ind. Aug. 27, 2019).  As to the ALJ's error in this case, the court based its finding, and now reiterates it, on the fact that the ALJ did not consider the

plaintiff's continued statements that he could not kneel and that kneeling was painful and difficult due to his knee replacement, as well as his physicians' notes stating that he continued to have issues with his knees and no longer could kneel.  Rather, the ALJ crafted his discussion for his RFC findings implying that the plaintiff's inability to kneel was corrected with his knee replacements and his denial of knee pain post-surgery:

> The claimant reported that he quit his last job as an automotive mechanic because it involved bending, stooping, and kneeling – which he could not do anymore. ... [Although] the claimant stated that he underwent bilateral knee replacements, he admitted that the knee surgery turned out fairly well …[and] the record reflects that bilateral knee surgery improved the claimant's condition.

(Tr. 26-27). The ALJ determined that the plaintiff could kneel occasionally, up to 30% of the workday, despite failing to discuss the plaintiff's testimony that he no longer could kneel, his frequent complaints to physicians that he could not kneel, and medical records stating the same. (Tr. 25, 397, 403, 416, 473, 479, 480, 540, 647, 727, 736, 741).

All of the Commissioner's arguments center around her claims that the ALJ thoroughly discussed the plaintiff's knee pain in making the RFC findings, therefore her position was substantially justified.  However, the issue was not that the ALJ did not adequately discuss the plaintiff's knee pain, the error was committed when the ALJ found that the plaintiff could kneel occasionally without directly addressing the plaintiff's testimony he could not, his complaints to physicians, and medical records stating the same. The ALJ did not build a logical bridge from the evidence to his conclusion that the plaintiff could kneel occasionally.

Despite this error, the Seventh Circuit routinely has held that "[t]he [C]ommissioner's position may be substantially justified even if it turns out to be patently wrong." ***Bassett v. Astrue***, 641 F.3d 857, 859 (7th Cir. 2011) (*citing **Jackson v. Chater***, 94 F.3d 274, 278 (7th Cir. 1996)).  Therefore, even if the court finds that an ALJ's analysis of an important point was

5

"cursory and inadequate," it usually will not be enough to "poison" the [C]ommissioner's defense of the opinion. **Basset**, 641 F.3d at 859.  So, "the ALJ's failure to 'connect the dots' in the analysis – and the [C]ommissioner's defense of those gaps in the ALJ's reasoning – is likely to be grounded in a reasonable, albeit erroneous, interpretation of the facts and law." **Basset**, 641 F.3d at 859-60 (*citing* **Cunningham v. Barnhart**, 440 F.3d 862, 864-65 (7th Cir. 2006)).

The ALJ, in his decision, stated that he considered the plaintiff's testimony and the medical records as a whole, but he failed to "connect the dots" and fully articulate his reasoning for finding that the plaintiff could kneel occasionally. Because the Seventh Circuit has recognized that the level of articulation required is flexible, the court finds that the Commissioner was substantially justified in her defense of the ALJ's finding. *See generally* **Stein v. Sullivan**, 966 F.2d 317 (7th Cir. 1992); **Cunningham**, 440 F.3d at 862-865.

Next, the court found the ALJ's acknowledgment of SSR 19-2p, his obligation to consider "[t]he combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately," to be inadequate[2] because he failed to build a logical bridge from the evidence to some of his conclusions.  But, as discussed above, that does not automatically mean that the Commissioner's defense of that issue was unwarranted. The court also finds that the Commissioner's position was substantially justified.

Lastly, the plaintiff states that the court did not reject any issue raised by the plaintiff, nor did it adopt or affirm any position taken by the Commissioner. He cited **Golembiewski v. Barnhart**, 382 F.3d 721, 724 (7th Cir. 2004), where the Seventh Circuit found that "[s]trong language against the government's position in an opinion discussing the merits of a key issue is

---

[2] In its decision to remand, the court found that "the ALJ did not consider [the plaintiff's] ankle pain or how his obesity increased his right ankle and right foot pain, but instead focused solely on his knee pain.  Therefore, the ALJ had impermissibly cherry-picked evidence to support his conclusion without considering the evidence to the contrary.  **Denton v. Astrue**, 596 F.3d 419, 425 (7th Cir. 2010); **Scott v. Astrue**, 647 F.3d 734, 740 (7th Cir. 2011)."

evidence in support of an award of EAJA fees." While the court agrees, the issues requiring remand in this case centered around the ALJ's inadequate discussion and consideration of all of the relevant evidence. Since the Seventh Circuit routinely has held that an ALJ's inadequate discussion or analysis of an issue is not enough to find that the Commissioner's position was not substantially justified for EAJA purposes, then this court also is obligated to also make that finding.

Based on the foregoing reasons, the Amended Motion [DE 23] is **DENIED,** and the initial Motion for Attorney's Fees [DE 18] is **DENIED as MOOT**.

ENTERED this 31st day of January, 2022.

/s/ Andrew P. Rodovich
United States Magistrate Judge